**IN THE UNITED STATED DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ( | |
| | ( | |
| **V.S.** | ( | **3:08-CR-167-B** |
| | ( | |
| **TONY HEWITT** | ( | |

**MOTION TO SUPPRESS WIRETAP**
**WITH SUPPORTING BRIEF**

**COMES NOW** Tony Hewitt, by and through the undersigned attorney, and files this motion

seeking to suppress all material seized as a result of interceptions pursuant to Title III, 18 U.S.C.

§ 2510 et. seq.

**TITLE III INTERCEPTIONS**

The interception of wire, oral and electronic communications is governed by Title III of

the Omnibus Crime Control and Safe Streets Act of 1968 ("Title III"), 18 U.S.C. § 2510 *et seq.*

The interception of "Title III" communications requires a court order based upon an application

by an authorized applicant that sets forth "a full and complete statement of the facts and

circumstances relied upon by the applicant, to justify his belief that an order should be issued,

including" the nature of the crime being committed, the identity of the person committing the

offense who is to be intercepted, the types of communications to be intercepted and a particular

description of the facilities or place subject to interception.  18 U.S.C. § 2518(1).  Title III

requires the applicant for an order to provide "a full and complete statement as to whether or not

other investigative procedures have been tried and failed or why they reasonably appear to be

unlikely to succeed if tried or to be too dangerous."  18 U.S.C. § 2518(1)(c).  Title III authorizes

the interception of wire, oral or electronic communications for a period up to, but not to exceed thirty (30) days. *See* 18 U.S.C. § 2518(5). The authorizing court may grant extensions of the original interception order but such extensions may not exceed thirty (30) days in duration. *See id.*

## WIRETAPS and DERIVATIVE USE

The Defendant is challenging two sets of wiretaps: W.I. No. 08-013 and W.I. No. 08-014. The Defendant also will challenge and objects to any derivative information derived from these wiretaps.

## WIRETAP CHALLENGES

The Defendant challenges the wire or oral interceptions on the grounds that (1) the communications were unlawfully intercepted and (2) the orders of authorization or approval which was intercepted are insufficient on its face.

**Common Deficiencies**

1. The supporting affidavit contains stale toll/pen records.

2. The necessity and exhaustion sections of the affidavit contain boiler plate language.

3. The supporting affidavit does not sufficiently establish the qualifications of confidential informants referenced therein, nor does it sufficiently address why the confidential informants are in a position to know that which the affidavit alleges he or she knows.

4. The application and supporting affidavit fails to establish sufficiently separate probable cause and minimization procedure for electronic communications as oppose to wire communications.

**Specific Challenges**

    A. <u>W.I. No. 08-013</u>

1. There was no order in place authorizing the May 22, 2008 interception.

2. The May 23, 2008, Order signed at 2:55 p.m. does not state who authorized the interception. It does not name the Director of the FBI. Additionally, based on the discovery the Defendant received, it does not appear that there was any supporting document with the emergency interception that states the A.G. authorized the director of the FBI to conduct an interception.

3. There are conflicts in the Memorandum by Special Agent Robert Casey dated May 23, 2008. In one place it makes reference to "documents" authorized by the A.G.'s Office to initiate an Title III from 214.694.3554, yet in the same memo he states he got "verbal" approval. Additionally, the memo does not provide the name of the A.G., nor does it state that Bruce Swartz or anyone else named therein is "authorized" to act for the A.G.

4. The Application does not state the name of the Attorney General who approved the emergency Title III.

5. The affidavit does not name the director of the FBI nor does it name the A.G.

6. The affidavit and application failed to establish and emergency. From November 2007 to April 2008, the agents looked at dump records, conducted surveillance, interviewed CI's and on May 9, 2008, obtained an order from Judge Ramirez to obtain stored electronic communications over the target phone. The Agent at the time of the emergency interception knew who the alleged conspirators were, had telephone numbers and addresses, and had a basis for seeking a court order and or arrest in this case. They had

even obtained a federal search warrant.

7. The affidavit acknowledges that normal investigative procedures were successful. [affdvt. P.45]

8. The affidavit failed to establish "necessity". The overall argument is that the government is unable to determine the full scope of criminal activity without the emergency interception. The boiler plate language would apply to almost every conspiracy and would basically render the strict requirement of Title III  meaningless. If there was some type of public safety at issue, the agents knew the two banks they were going to hit and could have used various measures to prevent the bank robbery and/or apprehend the suspects. Merely stating that interview people would result in half truths in insufficient to support a wiretap.

B.  W.I. No. 08-014

1. The application in W.I. No. 08-014 is almost a carbon copy of W.I. No. 08-013. Paragraphs 1 and 2 are the same. Paragraph 3 in W.I. No. 08-014 is the same as paragraph 4 in W.I. No. 08-013. In short, everything after these respective numbers are virtually the same.

2. The affidavit fails to establish the following in relations to "each" confidential source: the sources basis of knowledge; why the source is believed to be reliable; how the source has been corroborated and the affidavit has failed to state all the facts favorable and unfavorable bearing on the credibility of he confidential source including the source's motivation for testifying.

3. The affidavit fails to establish sufficient probable cause that the target phone has in fact

been used to facilitate and commit crimes. The affiant merely uses speculation to support the alleged probable cause.

4.  The affidavit fails to show sufficient necessity. The same argument in paragraph 6, 7, and 8 above apply here. Specifically, the affidavit states "traditional investigative methods have been, and will continue to be employed in this investigation, and they have enabled law enforcement to develop **_substantial and significant information about the criminal activity of the VIOLATORS._**" [Affidavit para. 120, emphasis added]. The government still has additional investigative tool it could employ such a trash searches, pole cameras, or financial investigations.

5.  The affidavit fails to state how wiretap will be minimized, tailoring it to the specific facts of the investigation as well as the specific type of interception.

6.  The order states that John C. Keeney authorized the application however, the letter of authorization came from Alice S. Fisher. Additionally, the letter does not state that Keeney was authorized to sign the letter on Ms. Fisher's behalf. Ms. Fisher's signature does not appear on the letter at all. We cannot determine when Keeney signed the letter. The date stamp is under Ms. Fisher's name.

7.  The affidavit contains illegally seized information from the emergency wiretap.

WHEREFORE PREMISES CONSIDERED, Defendant request that both of the stated wiretaps be suppressed.

Respectfully Submitted,

___/s/ George E. West II_____
George E. West II
555 Republic Dr. Ste. 200
Plano, Texas 75074
972.516.4240
972.516.4241 (fax)

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing was electronically delivered to AUSA Tromblay.

_/s/ George E. West II_
George E. West II

## Certificate of Conference

I had a conference with AUSA Tromblay and he objects to this motion.

_/s/ George E. West II_